IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| PRENTIS EARL SMITH, II. | § | |
| VS. | § | CIVIL ACTION NO. 2:19cv351 |
| MARION COUNTY JAIL, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE</u>
<u>UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Prentis Earl Smith, a prisoner confined at the Clements Unit within the Texas prison system proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff is suing the Marion County Jail, the Marion County Sheriff's Office, and Christy Parker, former County Dispatcher for Marion County. For reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

**I. Plaintiff's Amended Complaint**

Plaintiff's amended complaint, (Dkt. #19), is the operative pleading in this lawsuit. An amended complaint entirely supersedes and takes the place of an original complaint. *See Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986). Plaintiff maintains that the Marion County Jail "reported to the VA that [he] was a fugitive from justice while [he] was in the jail twice," (Dkt. #19, pg. 3). He further argues that the Sheriff's Office and Defendant Parker reported him as a fugitive to the Department of Veterans Affairs (VA). Plaintiff expands upon his claims as follows:

1

> I have been incarcerated in the Marion County Jail since May 7, 2018, on unrelated charges with no conviction therefore I have lawfully continued to receive Veterans Benefits. [sic] Aug 2018 the Marion County Sheriff's Office reported to the VA that I was a fugitive from justice providing them with a warrant dated Jan. 8, 2018. (I have sent you proof of this in earlier correspondence). This stopped my benefits and it took me several months to May 2019 to prove that I was not a fugitive. In May the VA reinstated my benefits. In September 2019 the Marion County Sheriff's Office used the same warrant dated January 8, 2018 to get the VA to believe my story. I have never left custody since May 7, 2018. This has caused my family and I great stress. This was more than my compensation payment. This was my children's insurance, and education benefits. There has been irreparable damage caused to our lives.

Dkt. #19. As for his requested relief, Plaintiff seeks "a judgment that qualifies as justice."

## II. Legal Standards

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id.*

### III. Discussion and Analysis

Plaintiff's lawsuit should be dismissed for the failure to state a claim upon which relief may be granted. Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued.  Fed. R. Civ. P. 17(b).  A department of a local government entity must "enjoy a separate legal existence" to be subject to a lawsuit.  *See Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991).  The Fifth Circuit has held that Texas law does not allow county or municipal police departments to be sued directly.  *Id.* at 313-14; *see also Crull v. City of New Braunfels, Tex.*, 267 F. App'x 338, 341-42 (5th Cir. 2008) (unpublished) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department.").  Accordingly, Plaintiff's claims against the Marion County Jail and the Marion County Sheriff's Office should be dismissed. *See Darby*, 939 F.2d at 313; *see also Pogorzelski v. Dallas Police Dep't*, 2020 WL 5045673 *2 (N.D. Tex. Aug. 5, 2020 ("As judges of this Court have repeatedly recognized, the Dallas Police Department is not a jural entity subject to suit."); *Lane v. Athens Police Dep't.*, 2006 WL 1049966 at *3 (E.D. Tex. Mar. 24, 2006 ("While he does sue the Henderson County Jail, the jail is not a separate legal entity and cannot be sued in its own name.").

Moreover, personal involvement is an essential aspect of a section 1983 cause of action. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (must be an affirmative link between injury and conduct of defendant)). The Fifth Circuit has held

that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory." *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992). In describing "personal involvement," the Supreme Court denoted that "there must be an affirmative link between the incident and some act by the defendant." *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

Here, with respect to Defendant Parker, while Plaintiff asserts that Defendant Parker "reported to VA Aug. 2018, and Sept 2019 that [he] was a fugitive from justice," Plaintiff makes no affirmative link between her specific conduct and any injury—other than generalized and conclusory allegations. Moreover, when describing what each Defendant did in his amended complaint, Plaintiff simply states that they all reported him as a fugitive from justice; such generalized statement is a naked assertion devoid of further factual enhancement that would indicate personal involvement or even a constitutional violation attributable to the Defendants. Conclusory allegations of personal involvement do not demonstrate a constitutional violation. *See R.A.M. Al-Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (explaining that conclusory allegations in a section 1983 proceeding are insufficient).

Plaintiff's amended complaint suffers from additional fundamental flaws, as Plaintiff has presented nothing more than negligence. The Supreme Court has made clear that mere negligence does not provide a basis for a potentially meritorious civil rights lawsuit. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The Supreme Court has stated that the Due Process Clause of the

Fourteenth Amendment is not implicated by a negligent act of an official causing unintended injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 331–33 (1986). Complaints by prisoners for negligence on the part of prison officials, even where serious injury occurs, do not set out a valid claim under the Civil Rights Act even if such complaints could be valid under state law. *See Bowie v. Procunier,* 808 F.2d 1142 (5th Cir. 1987).

Here, to extent the Court can discern a claim in Plaintiff's amended complaint that is sufficient under *Iqbal*, he has not alleged more than negligence on the part of the Defendants. Plaintiff describes how he was arrested, and the Sheriff's Office reported him to the VA and provided them with a warrant. His VA benefits were reinstated. Subsequently, the Sherriff's Office reported him to the VA in September 2019 by using the same warrant. Plaintiff's factual allegations do not indicate or suggest that Defendants acted with deliberate indifference to his constitutional rights. Nor has Plaintiff shown or pleaded that the allegedly erroneous report to the VA was done in accordance with any policies of the Marion County Sheriff's Department.

Given that Texas Department of Criminal Justice records illustrate that Plaintiff is currently serving a seventy-five-year sentence for murder arising from a May 7, 2018, incident in Marion County—a similar time frame in which Plaintiff explains he was arrested in Marion County and Defendants allegedly reported him to the VA using a warrant—Plaintiff has pleaded nothing more than how Defendants were negligent in reporting him to the VA rather than a constitutional violation. In other words, Plaintiff's facts illustrate that any error by Defendants for "reporting" him to the VA was negligent. *See Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 382 (5th Cir. 2005) (explaining that deliberate indifference requires a showing of more than negligence or even gross negligence—and actions that are merely "inept, erroneous,

5

ineffective, or negligent" do not amount to deliberate indifference.). Accordingly, this case should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 20th day of May, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE